UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD KEVIN STORN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN STANLEY<br><br>Defendant. | Case No. 1:26-cv-03475 (PKC)<br><br>Hon. P. Kevin Castel |

## [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

Plaintiff Ronald Kevin Storn and Defendant Morgan Stanley are engaged in discovery proceedings in the above-captioned action (the "Action"), which may include, among other things, documents, deposition testimony, answers to interrogatories, responses to requests for admission, subpoena responses or productions of information from non-parties to this Action, and any other information produced, disclosed, given, or exchanged by and among the Parties (collectively, "Discovery Material") in the course of this Action that a Party or non-party designates as Confidential Discovery Material pursuant to the terms of this Stipulated Protective Order (the "Order"). The Parties, by and through their respective counsel, having jointly stipulated to the terms of the within Protective Order; and the Court having been advised of and having considered same; and for good cause shown, it is hereby:

ORDERED that any person subject to this Order—including without limitation the Parties, their representatives, agents, experts and consultants, all non-parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

Case 1:26-cv-03475-PKC Document 26-2 Filed 10/15/26 Page 3 of 21

**A. Scope**

1. This Protective Order shall govern the production and exchange of all Discovery Material produced, disclosed, given, or exchanged by and among the Parties and/or non-parties in the course of this Action and designated as Confidential Discovery Material as defined below. A Receiving Party shall not disclose any Confidential Discovery Material or Confidential Information contained within Confidential Discovery Material to anyone except as expressly permitted hereunder. Confidential Discovery Material and Confidential Information shall be used solely for purposes of prosecuting, defending, appealing, or settling this Action, and for no other purpose. This Order is also subject to this Court's Individual Practices, the Local Rules of the Southern District of New York (the "Local Rules"), and the Federal Rules of Civil Procedure (the "Rules") on matters of procedure and calculation of time periods.

**B. Definitions**

1. "Confidential Discovery Material" shall mean any Discovery Material that the Designating Party designates as containing Confidential Information.

2. "Confidential Information" shall mean any information that the Designating Party has maintained as confidential and in which the Designating Party has a legitimate interest in maintaining confidentiality, including: (1) commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines,

Case 1:26-cv-03475-PKC Document 26-1 Filed 10/16/26 Page 4 of 21

and/or confidential project-related information; (2) personal data of the Parties or their employees, including but not limited to, information regarding employment applications; employment references; wages and income; benefits; employee evaluations; medical evaluation and treatment and related records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation; (3) information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party; (4) medical or mental health information; (5) records restricted or prohibited from disclosure by statute; and (6) any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying Confidential Information. Confidential Information shall not include information or documents that are available to the public.

3. "Designating Party" shall mean any Party or non-party that designates Discovery Material as Confidential Discovery Material.

4. "Party" or "Parties" means, individually or collectively, all Plaintiffs and Defendants, as well as any later added plaintiffs and defendants

5. "Producing Party" shall mean any Party or non-party that produces Discovery Material in this Action.

6. "Receiving Party" shall mean any Party that receives Discovery Material from a Producing Party.

**C. Designation of Confidential Discovery Material**

1. A Producing Party may designate Discovery Material as Confidential Discovery Material only when it contains information, documents, or things that the Producing Party reasonably and in good faith believes constitute Confidential Information. A Producing Party may designate a document that contains Confidential Information as Confidential Discovery Material for protection under this Order by placing or affixing the phrase "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies thereof in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

2. Deposition testimony that discloses Confidential Information, and the transcript and any audio or video recording of that testimony, may be designated as Confidential Discovery Material either on the record during the deposition or in writing within fourteen (14) days after receipt of the final transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" by the reporter, and the reporter or videographer shall label any audio or video recording of that testimony, and any container for that recording, with the same legend. All deposition testimony, and all transcripts and recordings of that testimony, will be treated as Confidential Information and as Confidential Discovery Material until the expiration of the thirtieth (30th) day after counsel receives a copy of the final transcript thereof, after which time such testimony, transcript, and recording will be treated in accordance with its confidentiality designation, if any.

3. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not be applied to, and the restrictions set forth in this Order shall not apply to, any information or document that: (i) is already public knowledge or otherwise in the public domain at the time of disclosure; (ii) has become public knowledge or enters the public domain other than as a result of disclosure by any persons other than Receiving Parties or their agents or employees; (iii) has come or shall come into a Receiving Party's legitimate possession independently of the party or person seeking to designate information or documents as Confidential Information or Confidential Discovery Material in this Action; or (iv) was independently developed by a Receiving Party.

4. If at any time prior to the trial of this Action, a Producing Party realizes that some portion(s) of Discovery Material (other than deposition testimony governed by Paragraph C.2) that that Party previously and inadvertently produced without a confidentiality designation should be designated as Confidential Discovery Material, the Party may designate the Discovery Material by apprising all Parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential Discovery Material under the terms of this Order. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the

Discovery Material to each Party reflecting the change in designation. In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material before its designation as Confidential Discovery Material in a manner not permitted by the provisions of this Order made applicable by virtue of the re-designation shall exercise its best efforts to ensure: (i) the return and destruction of such re-designated Discovery Material by any person not authorized to receive it under the terms of this Order; (ii) that any documents or other materials derived from such re-designated Discovery Material are treated in accordance with the applicable restrictions for Confidential Discovery Material pursuant to this Order; (iii) that such re-designated Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) that any such re-designated Discovery Material, and any information derived therefrom, is used solely for the purposes described in this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of any inadvertently undesignated Discovery Material during the time when that material was not designated as Confidential Discovery Material.

**D. Access to and Use of Confidential Discovery Material**

1. No person subject to this Order, other than the Producing Party, shall disclose or permit the disclosure of any of the Discovery Material designated by the Designating Party as Confidential Discovery Material to any other person, except:

a. The Parties to this Action, and to the extent necessary to protect the Parties' interests in this Action, any members, council members, officers, board members, directors, employees, partners, principals or other legal representatives of the Parties;

b. Counsel for the Parties in this Action, including any paralegals, clerical staff, and/or other assistants, contractors or vendors employed by, retained by, or assisting such counsel, including vendors who are retained to process electronically stored information, copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

c. In-house counsel for the Parties;

d. As to any document, its author, recipient, or custodian, any other person indicated on the face of the document as having received a copy, or any person mentioned in the document that has signed the "Agreement to Be Bound by the Protective Order" in the form annexed as Exhibit A hereto;

e. Any witness called to testify at a deposition, trial or hearing (or any potential witness whom counsel for a Party in good faith believes may be called to testify at a deposition, trial or hearing) in this Action who does not fall within the preceding subparagraph D.1.d, as well as counsel for any such witness, it being understood that any such witness and their counsel may view Confidential Discovery Material not only during the deposition, trial or hearing, but also during preparation for such, provided that the Confidential Discovery Material is reasonably related to the anticipated subject matter of the witness's testimony and the witness and their counsel have first executed the "Agreement to be Bound by Protective Order" in the form annexed as Exhibit A hereto;

f. Any person retained by a Party to serve as an expert witness (whether as a testifying expert or as a consulting or non-testifying expert) or otherwise

Case 1:26-cv-03475-PKC Document 26-2 Filed 09/10/26 Page 9 of 21

provide specialized advice to counsel in connection with this Action, provided such person has first executed the "Agreement to be Bound by Protective Order" in the form annexed as Exhibit A hereto;

g. Any mediator, arbitrator or other settlement facilitator (each a "Settlement Facilitator") that the Parties engage in this Action or that the Court appoints to assist with resolving and/or settling this Action, as well as members of such Settlement Facilitator's staff, provided each such person has first executed the "Agreement to be Bound by Protective Order" in the form annexed as Exhibit A hereto;

h. Stenographers and recorders engaged for depositions conducted in this Action;

i. The Court and its personnel, as well as any court reporter or typist recording or transcribing hearings and testimony;

j. Any auditor or regulator of a Party entitled to review the Confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes; and

k. Any other person expressly agreed to in writing by the Parties, provided such person has first executed the "Agreement to be Bound by Protective Order" in the form annexed as Exhibit A hereto.

2. Counsel for a Party that obtains a signed "Agreement to be Bound by Protective Order," as required in Paragraph D.1.d, e, f, g, or k above, shall be responsible for assuring compliance with the terms of this Order with respect to the person to whom Confidential Discovery Material is disclosed. Such Counsel shall retain copies of any signed "Agreement to be Bound by Protective Order" for six (6) months following the final termination of this Action,

including any appeals, and shall make the copies available to other Parties or the Court upon good cause shown.

3. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**E. Limitations on Use of Artificial Intelligence**. As used in this section, "Artificial Intelligence" or "AI" means models, APIs, applications, and services such as GPT by OpenAI, Bard and Gemini by Google, Bing and Copilot by Microsoft, Claude by Anthropic, Titan and Bedrock by Amazon, and any other proprietary or open-source alternatives. It includes both narrow AI, which focuses on specific tasks, and general AI, which possesses human-level intelligence across a broad range of domains. This definition is intended to recognize AI's current capabilities, while encompassing and including future advancements, even if not specifically identified or described herein.

**1. Limitations on Use of Public, Non-Compartmentalized Artificial Intelligence**. No Confidential Discovery Materials (other than individual words or individual multi-word terms or acronyms standing alone) produced in this Action may be input into any public internet search engine or into any public, non-compartmentalized Artificial Intelligence (e.g., non-enterprise ChatGPT, Google Bard, etc.) by any Party or person that has received or obtained Confidential Discovery Material in connection with this Action. For the avoidance of doubt, this paragraph does not prohibit any Party or person receiving or obtaining Discovery Material in connection with this Action from using any public internet search engine or any public, non-compartmentalized generative Artificial Intelligence (e.g., non-enterprise ChatGPT, Google Bard, etc.) for purposes of ascertaining the meanings or context of any individual words, terms, or acronyms contained in Discovery Material produced in connection with this Action.

Case 1:26-cv-03475-PKC Document 26-1 Filed 09/23/26 Page 11 of 21

**2. Limitations on Use of Closed, Compartmentalized Artificial Intelligence.** Confidential Discovery Material shall not be: (i) used to train, develop, fine-tune, or otherwise enhance AI other than for purposes of this Action; or (ii) disclosed to other users or developers of the AI unless such persons are Qualified Recipients.

**3. No Commingling of Confidential Information.** Without limiting the foregoing, and consistent with the limitations set forth in § E.1 and E.2 of this Protective Order, to the extent AI is used for e-discovery, litigation support, and trial preparation services in connection with Confidential Discovery Material, such use shall be in a distinct workspace, with Confidential Discovery Materials separated from and not commingled with, materials produced in or obtained from separate litigation, arbitration, regulatory proceeding, investigation, or action. Any Confidential Discovery Material that is used in connection with any form of AI must be capable of return or destruction, and the destroying party's certification of such, according to the terms of this Protective Order. The obligations and restrictions of this paragraph apply even where the data or the Confidential Discovery Material has been anonymized. Any use of AI in connection with this Action, including the use of AI to review or analyze Confidential Discovery Material, shall comply with the other terms of this Protective Order.

**F. Filing Confidential Material**

1. A Party seeking to file Confidential Discovery Material under seal must comply with Section 5 of the Court's Individual Practices. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v.*

*Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's Confidential Information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose Confidential Information is sought to be used may make an application to seal in accordance with this first paragraph, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

2. Where a Party seeks to file Confidential Discovery Material designated by another Party or by a non-party, the notice and application procedure in Paragraph F.1 shall govern. The filing Party is not required to verify, or to take any position on, the Designating Party's designation, and the Designating Party is responsible for making any application to seal and for making the showing that Paragraph F.1 requires. If the Designating Party does not make a timely application to seal under Paragraph F.1, the filing Party may file the material in the public record. Compliance with Paragraph F.1 is without prejudice to any Party's right to challenge a designation under Paragraph G.1.

**G. Challenging Confidentiality Designations**

1. The designation of any Discovery Material as Confidential Discovery Material is subject to challenge by any Party or non-party with standing to object. Any Party or non-party that objects to any designation of confidentiality may at any time prior to the trial of this Action serve upon counsel for the Designating Party, and upon counsel for all Parties, a written notice stating with particularity the grounds of the objection, and thereafter must, upon notice to

Case 1:26-cv-03475-PKC Document 26-2 Filed 09/10/26 Page 13 of 21

counsel for all Parties, meet and confer with counsel for the Designating Party. Counsel for other Parties may, but are not required to, attend such conferences. If agreement cannot be reached promptly, counsel for the objecting Party or non-party may seek a ruling from the Court regarding the designation in the manner prescribed by Local Civil Rule 37.2 and Section 4 of this Court's Individual Practices in Civil Cases. The Designating Party bears the burden of establishing that the challenged Discovery Material is entitled to the designation. All Parties shall continue to afford the challenged Discovery Material the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**H. Use of Designated Material at Public Hearings and Trial**

1. With respect to pretrial hearings, the Parties' counsel shall meet and confer concerning the use of any Confidential Discovery Material at such hearings not fewer than five (5) business days prior to any such hearing. Where a hearing is scheduled on less than five (5) business days' notice, the Parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing. Nothing in this Paragraph alters the requirements of Paragraph F.1 with respect to any document filed with the Court.

2. A Party's giving notice under Paragraph F.1, its seeking leave to file under seal, or any related agreement to a Designating Party's proposed redactions to Discovery Material for the purpose of filing redacted versions of documents or briefs pursuant to Paragraph F.1 herein, shall not constitute a waiver of any rights concerning the use or treatment of any such Discovery Material at any hearing or trial, or a concession that the Discovery Material should be maintained as Confidential Discovery Material.

3. The Parties shall meet and confer concerning the use of Confidential Discovery Material at trial no later than thirty (30) days prior to the date on which the Joint Pretrial Order is due under this Court's Individual Practices. Use of Confidential Discovery Material at

Case 1:26-cv-03475-PKC Document 26-2 Filed 09/10/26 Page 14 of 21

trial shall not cause that material to lose its status as Confidential Discovery Material absent order of the Court or written agreement of the Designating Party.

**I. Receipt of a Subpoena or Other Compulsory Legal Process**

1. If any Receiving Party becomes legally compelled to disclose any Confidential Information of another Party, whether by subpoena, judicial or administrative order, applicable law, rule or regulation, or otherwise, that Receiving Party shall use reasonable efforts to provide the other Parties with prior notice thereof, unless precluded by applicable law or rules. Such prior notice, if permitted by time or allowed under the request, should be at least ten (10) days prior to any disclosure. Any Designating Party wishing to protect its Confidential Information or prevent such disclosure shall bear the burden of doing so.

**J. Non-Waiver of Confidentiality or Privilege**

1. In the event of a disclosure by a Receiving Party of Confidential Information to persons or entities not authorized by this Order to receive such Confidential Information, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately: (i) notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Information subject to this Order; (ii) make reasonable efforts to recover the disclosed Confidential Information and all copies thereof, as well as preclude further dissemination by the person or entity to whom the disclosure was made; and (iii) notify the Designating Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Information and ensure against further dissemination or use thereof.

2. Pursuant to Federal Rule of Evidence 502(d) and Rule 26(b)(5)(B), Fed. R. Civ. P., if a Party or non-party notifies any Receiving Party that Discovery Material was produced

Case 1:26-cv-03475-PKC Document 26-2 Filed 09/10/26 Page 15 of 21

that is protected from disclosure under the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or immunity ("Privileged Material"), the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any other material or information relating thereto or on the same or related subject matter. Upon notification, the Receiving Party shall (i) within five (5) days, return or destroy all copies of the Privileged Material; (ii) provide a certification of counsel that all such information has been returned or destroyed; (iii) take reasonable steps to retrieve documents if the Receiving Party disclosed them to any person or entity before being notified of the privilege claim, and provide written notification to the Party or non-party that produced such Privileged Material as to whether it was successfully retrieved; and (iv) not use the Privileged Material for any purpose absent further order of the Court, unless the Receiving Party provides notice that it seeks to dispute that the information is privileged or otherwise protected (a "Challenge Notice") as set forth below. Until the dispute is resolved or ruled upon, the Receiving Party may retain a copy of the disputed Discovery Material and shall undertake to keep such information restricted solely for use in connection with the dispute over the privilege or protection. This Paragraph is entered as an order under Federal Rule of Evidence 502(d) and shall be interpreted to provide the maximum protection allowed by that Rule. Disclosure of Privileged Material in this Action shall not operate as a waiver in this Action or in any other federal or state proceeding.

3. If a Receiving Party provides a timely Challenge Notice to the Producing Party, the Receiving Party may move the Court for an Order compelling production of the Privileged Material. The motion shall not disclose the contents of the Privileged Material except as necessary, and any application to file the motion, or any portion of it, under seal shall be made

in accordance with Paragraph F.1. The motion shall not assert as grounds for entering such an Order the fact or circumstances of the inadvertent production. For the avoidance of doubt, nothing in this Paragraph restricts the right of a Party to challenge a claim of privilege at any time permissible under the Rules or other applicable law.

4. The Producing Party retains the burden of establishing the privileged or protected nature of any Privileged Material. Nothing in this Order shall limit the right of any Party to request an *in camera* review of the Privileged Material.

**K. Attorney Rendering Advice**

1. Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Confidential Information in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Confidential Information if such disclosure is not otherwise permitted under this Order.

**L. Application to Non-Parties**

1. Any Party, in conducting discovery from non-parties in connection with this Action, shall provide any non-party from which it seeks Discovery Material with a copy of this Order so as to inform each such non-party of his, her, or its rights herein. If a non-party provides Discovery Material to any Party in connection with this Action, the provisions of this Order shall apply to such discovery as if such Discovery Material were being provided by a Party. In such circumstances, the non-party shall have the same rights and obligations under the Order as held by the Parties to this Action.

2. If a Party is required by a discovery request in this Action to produce a non-party's Confidential Information in its possession, custody, or control, and that Party is subject to

an agreement with the non-party not to produce that information, the Party shall (i) promptly notify in writing the requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party, and (ii) promptly provide the non-party with a copy of this Order and a reasonably specific description of the information requested. If the non-party fails to object or to seek a protective order from this Court within fourteen (14) days of receiving that notice, the Party shall produce the non-party's Confidential Information responsive to the request, subject to the terms of this Order. If the non-party timely seeks a protective order, the Party shall not produce that information before a determination by the Court, and, absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Confidential Information.

3. For the avoidance of doubt, nothing in the preceding Paragraph prevents a Receiving Party from promptly providing to all other Parties, in accordance with its obligations under the Rules, documents produced in this Action to that Receiving Party by any non-party pursuant to a subpoena duces tecum.

**M. Modification**

1. This Stipulation and Order may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**N. Further Application for Protective Relief**

1. Nothing in this Stipulated Protective Order precludes any Party, or any non-party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need arises during this Action.

**O. A Designating or Producing Party's Use of Its Own Documents**

1. Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Party's or non-party's waiver of its own prior designation with respect to its own Confidential Information.

**P. No Admission**

1. Nothing in this Order operates to create an admission by any Party that any Discovery Material is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of Discovery Material, in accordance with applicable law, including the Rules and Local Rules.

**Q. Termination**

1. This Protective Order shall survive the termination of this Action. All provisions of this Order restricting the use of Confidential Information shall continue to be binding unless otherwise agreed or ordered by the Court. Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party or as required by local data protection laws, within sixty (60) days of the final disposition of this Action, including any appeals, each Receiving Party shall return to the Producing Party, or, at the option of the Receiving Party, shall destroy all Confidential Discovery Material and all copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information. In either case, the Receiving Party shall, upon request, provide the Designating Party with a certification stating that it has destroyed or returned all Confidential Discovery Material, except for (i) such information or material that was transmitted electronically and whose removal

or destruction from a Party's electronic systems would violate applicable federal or state law, rule, or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule, or regulation, (ii) information saved on backup media in an electronically stored format, or (iii) information incorporated into any pleadings, motions, other Court filings, deposition or trial transcripts and exhibits, or work product. In that case, counsel of record shall continue to treat the Confidential Information in accordance with this Order.

2. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose any sanctions for any contempt thereof until the end of this Action.

Agreed to and submitted by:

| | |
|---|---|
| */s/ Daniel J. Schwartz*<br><br>**DAVIS POLK & WARDWELL LLP**<br>Brian S. Weinstein<br>Daniel J. Schwartz<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5835<br>brian.weinstein@davispolk.com<br>daniel.schwartz@davispolk.com<br><br>*Attorneys for Defendant* | */s/ Sean Micah Akchin*<br><br>**BERMAN TABACCO**<br>Nicole Lavallee<br>Daniel E. Barenbaum<br>Sean Micah Akchin<br>425 California Street, Suite 2300<br>San Francisco, CA 94104<br>Telephone: (415) 433-3200<br>Facsimile: (415) 433-6382<br>nlavallee@bermantabacco.com<br>dbarenbaum@bermantabacco.com<br>sakchin@bermantabacco.com<br><br>*Attorneys for Plaintiff* |

So Ordered this 22nd day of October 2026

[signature]
Hon. P. Kevin Castel
United States District Court Judge

EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I have read the Stipulated Protective Order entered by the Court in Storn v. Morgan Stanley, No. 26 Civ. 3475 (PKC) (S.D.N.Y.) (the "Protective Order"), understand the terms of the Protective Order, and agree to be bound by such terms and submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order.

I will hold in confidence and not disclose to anyone not authorized under the Protective Order any Confidential Information disclosed to me. I further agree that neither I nor anyone assisting me will use or rely on Confidential Information disclosed to me for any purpose not authorized under the Protective Order.

Within sixty (60) days after the final disposition of this Action, I will return or destroy all Confidential Discovery Material that came into my possession and any documents or things that I have prepared relating thereto, to counsel for the Party who provided such Confidential Discovery Material to me.

DATED:____________________________ ______________________________________
Signature

______________________________________
Printed Name